1  JOHN HORSEFIELD, PLAINTIFF'S PRO Se
2  MARILYN S BYRNE, PLAINTIFF'S PRO Se
   11628 N. 32nd Place
3  PHOENIX, ARIZONA 85028

4

5              **IN THE UNITED STATES DISTRICT COURT**
6                          **OF ARIZONA**

7

8                                    CASE NO:    CV-13-00145-PHX-SLG
9

10 **JOHN HORSEFIELD**, a married          )  **VERFIED COMPLAINT FOR**
11 man                                     )  **DAMAGES:**
   **MARILYN S BYRNE**, A married          )
12 woman                                   )  **VIOLATION OF FAIR DEBT**
13                                         )  **COLLECTION PRACTICES ACT;**
   *Plaintiff's*(s)                        )  **ACTION TO QUIET TITLE;**
14                                         )  **ARIZONA CONSUMER FRAUD**
              *vs.*                        )  **ACT; RESPA; TILA;**
15                                         )
16 **BANK OF AMERICA N.A.** a North Carolina )
   corporation;                           )
17 **MORTGAGE ELECTRONIC**                 )  **TRIAL BY JURY DEMANDED**
18 **REGISTRATION SERVICE**                )
    a Delaware corporation;               )
19 **QUALITY LOAN SERVICE**, a            )
20 California corporation;                 )
   **GINNIE MAE**, a Washington            )
21 corporation                             )
22                                         )
   *Defendant*(s)                          )
23

24 _____

25
           **COMES NOW**, the Plaintiff's John Horsefield and Marilyn S
26 Byrne (hereinafter "Plaintiff's") complaining of the defendants and each of them as
   follows:

                        VERIFIED COMPLAINT FOR DAMAGES - 1

**INTRODUCTION**

1.      This action is an action brought by the Plaintiff's for declaratory judgment, injunctive and equitable relief, and for compensator, special, general and punitive damaged.

2. Plaintiff's disputes the title and ownership of the real property in question located at 11628 N 32nd Place Phoenix, Arizona 85028, as more particularly described in Exhibit "A" attached hereto and by this reference made a part hereof (the "Property"), which is the subject of this action. Third party debt collectors, and others alleged to have ownership, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Deed of Trust related to the Property, and, thus, do not have lawful ownership or a security interest in the Property which is described in detail herein.

3. Plaintiff's John Horsefield and Marilyn S Byrne alleges that they own the Property in fee simple, with all rights and appurtenances thereto, and free of any claims or encumbrances alleged by Defendants.

4. Plaintiff's alleges that Defendants Bank of America N,A.; Quality Loan Service, Ginnie Mae and Mortgage Electronic Registration Services cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the subject property, including the Promissory Note, Deed of Trust, resulting in imperfect security interest and claims.

5. Plaintiff's further allege the Defendant, and each of them, cannot Establish possession and proper assignment of the Deed of Trust herein; therefore, none of the Defendants have a perfected claim of title or security interest in the Property. Defendants, and each of them, do not have the ability to establish that the mortgages that secure the indebtedness, or Note, were legally or properly acquired.

6. Plaintiff's alleges that an actual controversy has arisen and now exists between the Plaintiff's and Defendants, and each of them. Plaintiff's desires a judicial determination and declaration of its rights with regard to the Property and the corresponding Promissory Note and Deed of Trust.

7. Plaintiff's claims defendants are liable for violations of the Fair Debt Collection Practices Act, and Arizona Consumer Fraud Act, Truth and Lending Act (TILA), Real Estate Settlement Procedures Act (RESPA).

8. Plaintiff's also seeks redress from Defendants identified herein below for damages, for other injunctive relief, and for c a ncellation of written

Instruments based upon:

a. An invalid and unperfected security interest in Plaintiff's Property hereinafter described;

b. An incomplete and ineffectual perfection of a security interest in Plaintiff's subject Property;

c. A void or voidable Deed of Trust, for which there is a reasonable apprehension that, if left outstanding, may cause a serious injury.

9. Plaintiff's provides this 'caveat' although Plaintiff's may plead issues, facts, allegations, and statements upon information and belief, contained in Plaintiff's Complaint. Plaintiff's makes clear that in all references as it relates to the terms creditor, mortgagee, servicer, trustee, lender, owner, principle or any other mortgage related term(s) defined within Plaintiff's Deed of Trust, and Promissory Note. Those terms as discussed hereto in Plaintiff's Complaint and at all times relevant does "not" describe, apply to, in any way the capacity of either of the defendants named in this action. Plaintiff's asserts that none of the defendants are party to Plaintiff's Deed of Trust, or Promissory Note, therefore Plaintiff's alleges defendants and each of them are deemed strangers to the Plaintiff's mortgage transaction, and thus are mere third party strangers without standing.

A. Defendants and each of them are for purposes of Plaintiff's action, "debt collectors" as defined by 15 USC§1692a(6), and A.R.S.§44-1521 *et.* seq.

Plaintiff's makes the following statement clear" Plaintiff's is not in default, meaning there is no Default, Plaintiff's Mortgage and Note has been "paid in full" and there is no debt owed any defendant, and no perfected lien upon Plaintiff's subject property.

## I.                                    THE PARTIES

10.  Plaintiff's "**JOHN HORSEFIELD AND MARILYN BYRNE**" are now and at all times relevant to this action, residents of the State of Arizona

11.  Defendant "**BANK OF AMERICA N,A.;**", ("BOFA") is an alleged mortgage lender and or servicer, its principle place of business is located at 100 North Tryon Street, Charlotte, North Carolina 28202. Defendant "BOFA" claims to be the owner and or creditor of Plaintiff's Mortgage and Promissory Note.

12.  Defendant "**MORTGAGE ELECTRONIC REGISTRATION SERVICE** (hereinafter "MERS")  is Delaware corporation. Defendant "MERS" can be served at its principle headquarters located at 1818 Library Street Suite 300 Reston, Va 20190. Defendant "MERS" claims to be the Beneficiary of Plaintiff's Mortgage and Promissory Note.

13. Defendant **"QUALITY LOAN SERVICE"** (hereinafter"QLS") is a California corporation. Defendant "QLS" can be served at its headquarters located at 2141 5th Avenue, San Diego, Ca 92101Trustee of Defendant "BOFA" and as well of Plaintiff's Deed of Trust.

14. Defendant **"GINNIE MAE"** (hereinafter GM') is a Washington corporation. Defendant "GM" can be served at its headquarters located at 451 Seventh Street, Room B-133 Washington, DC 20140 Defendant "GM" claims to be the owner and or creditor of Plaintiff's Mortgage and Promissory Note.

A. Plaintiff's are "consumers" as defined by 15 USC§1692a (3). The term consumer means any natural person obligated to or allegedly obligated to pay any debt.

B. Defendants and each of them are not "creditors" as defined by 15 USC§1692a (4). The alleged debt defendants make claim to is household debt as defined by 15 USC§1692a (5)

C. Defendants and each of them are *"debt collectors"* as defined by 15 USC§1692a (6). Defendants are attempting to collect an alleged debt, which was for household purposes. The alleged debt at issue in this case upon belief was obtained by each defendant upon assignment and or transfer of the "defaulted debt"15 USC §1692a (4).

15. At all times relevant to this action, Plaintiff's are the current title owner of the subject Property located at 11628 N 32nd Place (the "Property").

16. Plaintiff's are unaware of the true names, capacities, or basis for Liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendants is in some manner liable to Plaintiff's, or claims some right, title, or interest in the Property. Plaintiff's will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff's are informed and believes, and therefore alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff's so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

17. Plaintiff's are informed and believes, and thereon alleges, that at all Times herein mentioned, each of the Defendants were the agents, employees, Servants and/or the joint-venturers of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

**II.**                    **JURISDICTION**

18. The US District Court has jurisdiction pursuant to 28 USC§ ¶1332, ¶1331,and 15 USC §1692.

**III.**                    **FACTUAL ALLEGATIONS**

19. Plaintiff's executed a series of documents, including but not limited to a Note and Deed of Trust (See Exhibit A), securing the Property in the amount of note.

20. Plaintiff's informed and believe, and thereon allege, that the purchase mortgage on the Property, the debt or obligation evidenced by the Note and Deed of Trust executed by Plaintiff's in favor of the original lender Taylor Bean & Whitaker Mortgage Corporation., on April 20, 2009

21. On or about August, 2009 TBW was shut down by the government for among other causes, mortgage fraud. Subsequently the CEO of Taylor Bean & Whitaker was arrested and sentenced to 40 years in prison for mortgage fraud.

22. Plaintiff's upon information and belief, TBW Mortgage is now dissolved and has therefore abandoned any claim to the subject property.

23. Plaintiff's also alleges that the Note was secured by the Deed of Trust. Plaintiff's alleges that as of the date of the filing of this Complaint, the Deed of Trust had not been *legally* assigned to any other party or entity.

24. Plaintiff's is also informed and believes, and thereon alleges, that at all Times Herein mentioned, and any assignment of a Deed of Trust without proper of the obligation that it secures is a legal nullity.

25. Plaintiff's, therefore, alleges, upon information and belief, that no party, nor any the Defendants in this case, hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's estate. Upon information and belief, TBW sold Plaintiff's loan into a REMIC for inclusion into a Mortgage Backed Security Trust allegedly a TBW 2009-1 Trust. This MBS was insured and intimately paid off. Plaintiff's has determined through a securitization audit that the trust above stated is depleted meaning it doesn't exist.

26. Plaintiff's claims that TBW violated the Deed of Trust, federal and state law whereby any sale of the Note and Deed shall be disclosed to the borrower within thirty days. TBW had left an encumbrance on the subject property. Plaintiff's has no other means of clearing title to the property. Therefore Plaintiff's action was the only legal way of removing the cloud on title.

27. Plaintiff's initiated a separate court action against TBW (See Case No:  5:12-cv-00288-TJC-PRL) to quiet title which resulted In a stipulation order releasing TBW of any interest in the subject Property as of April 2009 (See Exhibit B).

28. Plaintiff's' have been current on their payments until recently, when it was discovered the defendant "BOFA" may not be the secured party creditor, and entitled to payment. Plaintiff's is fully aware of the mortgage crisis and the magnitude of fraud surrounding the collapse of the real estate industry due to it.

29. Plaintiff's' have a legal right to know who holds there genuine original promissory Note, and mortgage. Plaintiff's also has a contractual agreement in writing with the original party TBW that appears to have been breached. Plaintiff's brings this

action due to multiple failures by "BOFA" to provide accurate and specific details as it relates to the servicing, creditor, amounts due and owing, and other pertinent information relating to "BOFA" capacity.

30. Plaintiff's discovered by investigating property records held by the Maricopa County Recorders' Office, found several documents recorded by defendants "BOFA" and "QLS". The recorded documents are as follows:

1. Corporation Assignment of Deed of Trust hereinafter "DOT") recorded on November 11, 2011 as document No. 20110902170; (referred to as "*Exhibit C*") Plaintiff's' point out that the purported assignment contains fraudulent and misleading information (Assignor is purported to be Taylor Bean and Whitaker which could not have been the case based on stipulation order (See Exhibit B)

3. Notice of Substitution of Trustee (hereinafter "SOT") recorded on September 24, 2012 as document No. 20120863697; (referred to as "*Exhibit D*")

4. Notice of Trustee Sale (hereinafter "NOTS") recorded on October 2, 2012 as document No. 20120894079; (referred to as Exhibit E) Plaintiff's points out the fact that this Notice of Default is unauthorized"! (Referred to as "*Exhibit E*")

31. A true and correct copies of these documents are attached as "*Exhibits B, C, D, E*" respectively.

32. The purported documents filed into Plaintiff's' title records in Maricopa County recorders' office, is the basis and subject of Plaintiff's' concerns which resulted in Plaintiff's' filing this action. Specifically the Plaintiff's' will focus on the proffered Corporation Assignment of Deed of Trust (*see*, "Exhibit C,"). For all intense and purposes the filing performed on November 11, 2011. However it appears the MERS Assignment of Deed of Trust has substantial patent defects that may render it void and in violation of the Deed of Trust.

32. Plaintiff's will avoid a lengthy legal discussion on the topic of MERS issues. However the Plaintiff's will state for the record that the Assignment of Deed of Trust was not authorized by the Lender as specifically plead in the language of the Deed of Trust. Plaintiff's for the record also alleges at the time of execution of the Assignment, MERS had no interest in the Deed of Trust to assign to defendant "BOFA". Notwithstanding, defendant "BOFA" Assignment of Deed of Trust purports to assign "*all beneficial interest under that certain Deed of Trust dated March 20, 2009*".

32. In viewing the proffered Assignment it clearly states defendant

"BOFA" was allegedly assigned Plaintiff's Deed of Trust only. Therefore it appears within the four corners of the assignment, defendant "BOFA" was the recipient of bare legal title, *if that*. Notwithstanding what is clear is the fact Plaintiff's promissory Note remains unaccounted for, and omitted from defendants "BOFA" corporate assignment. Although the Plaintiff's is fully aware of the fact MERS never holds any promissory Notes, Plaintiff's is not ignorant of this fact. Plaintiff's is however aware that the "DOT" language is the first controlling law, as it is a contract between the real parties. Any breach of the contract by either party, may be grounds for damages, by the party that causes such breach(s). Here as it appears defendant "BOFA" has numerous flaws and defects that must be addressed. The first issue is the manner in which a 'party to the contract" be it Lender/creditor, or Plaintiff's for that matter. The "DOT" language reads as follows;

"**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security, and Applicable law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser." 31. The clear language of the "DOT" is in clear contradiction with defendants "BOFA" for several reasons. First the "ADOT" is not executed by the Lender, secondly defendant "BOFA" MERS"ADOT" only assigned the "DOT" not Plaintiff's Note. Aside from the obvious fact of bifurcation, the "ADOT" was not executed by the Lender and or creditor, and fails to show any sale of Plaintiff's Note. Further Plaintiff's asserts the fact that since Plaintiff's Note was securitized and thereby converted into a security, negotiation of Plaintiff's Note would not suffice, and or be applicable pursuant to Article 3 of the Uniform Commercial Code. At this point Plaintiff's finds no reason to belabor that matter, as defendant "BOFA" "ADOT" failed to take possession of the Plaintiff's Note. "MERS is not an economic 'beneficiary' under the Deed of Trust. It is owed and will collect no money from Plaintiff's under the Note, nor will it

realize the value of the Property through foreclosure of the Deed of Trust in the event the Note is not paid." If MERS is only the mortgagee, without ownership of the mortgage instrument, it does not have an enforceable right. See Vargas, 396 B.R. 517 ("while the note is 'essential,' the mortgage is only 'an incident' to the note" [quoting Carpenter v. Longan, 16 Wall. 271, 83 U.S. 271, 275, 21 L. Ed 313 (1872)]). For this reason and others the MERS "ADOT" fails in that defendant "BOFA" is not an agent of the principle. Lastly defendant "BOFA" from its own language contained in the defective "ADOT" was not assigned Plaintiff's Note.

33. In addition to this defendant "BOFA" could not have had standing to issue any of the subsequent notices and filings, specifically the Substitution of Trustee (see, Exhibit C, D) which purports to authorize defendant "QLS" as an alleged Trustee as it relates to Plaintiff's "DOT". Plaintiff's therefore denies the fact that any of the communications, notices, and letters that may have been received, have any legal merit in law, and or as it relates to Plaintiff's "DOT". Plaintiff's will also address briefly the fact that at the time of defendant "BOFA" MERS "ADOT" the original party to the "DOT" in Taylor Bean and Whitaker was not the principle and or creditor. Plaintiff's Note was securitized and owned by TBW 2009-1 Trust, which means the original party in Taylor Bean and Whitaker was paid in full for Plaintiff's Note. Plaintiff's in this case would have great concern in that defendant "BOFA" by and through the MERS "ADOT" would not have had even legal title to convey, if any. Lastly Plaintiff's was entitled to Notice of any sale of Plaintiff's promissory Note, as well notice within30 days of the sale of Plaintiff's Note is required pursuant to 15 USC§1641(g) TILA. (DOT¶20.)

34. On or about August, 2012, Plaintiff's received a letter from defendant "BOFA". The proffered notice was styled "Delinquent Notice". The Plaintiff's wholly denies that the proffered notices comply with the provisions set forth in Plaintiff's DOT, as well Plaintiff's denies any of the defendants are legal parties to Plaintiff's Note and DOT. The notices sent Plaintiff's by defendant "BOFA" failed to comply in the least bit with the provisions set forth in Section ¶22 of Plaintiff's DOT which reads as follows;

> **22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall record a notice of sale in each county in which any part of the Property is located and shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. After the time required by Applicable Law and after publication and posting of the notice of

35. In plain language of the Deed of Trust it clearly states the "Lender" shall give Notice to Borrower prior to acceleration......(¶22), it further goes on to state if "Lender" invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of "Lender's" election to cause the Property to be sold (¶22, para.2) In light of the clear language as written in the DOT, defendant "BOFA" corporate Assignment does not appear to comply with these express terms.

36. On or about March 3, 2011 Plaintiff's received yet another confusing, deceptive document, from defendant "BOFA". A true and correct copy of this notice is attached hereto as *Exhibit F".* The proffered letters purports to inform the Plaintiff's that defendant "GM" is the alleged "owner" of Plaintiff's Mortgage. (not Plaintiff's promissory Note). It further alleges that defendant "BOFA" is the "servicer" on behalf of defendant "GM". Notwithstanding the fact that Plaintiff's found this notice to be just as confusing and worth investigation, in addition to all previous notices aforementioned. Plaintiff's makes clear of the fact that defendant "GM" could not at all be the owner of Plaintiff's Note and mortgage, for reasons already stated. However for pleading purposes, defendant "GM" is not a party to Plaintiff's "DOT", neither defendant "BOFA" or "GM" ever lent Plaintiff's any funds associated with Plaintiff's mortgage transaction on March 20, 2009. In fact Plaintiff's asserts that even the original party in Taylor Bean and Whitaker, appears to not have been the source of the funds. Since Plaintiff's Note was securitized, sold and purchased by the Special Purpose Vehicle, who then paid Taylor Bean and Whitaker in full.

37. Defendant "GM" dunning letter to Plaintiff's alleging ownership of Plaintiff's mortgage and Note completely contradicts all previous notices sent by defendant "BOFA" who consistently claimed they were the creditor. Indeed both defendants in "BOFA" and "GM" are contemporaneously claiming "creditor" status, however in light of the documents hereto attached as *Exhibits B-H*, it appears clear that neither of the defendants have any legal claim as it relates to Plaintiff's subject property. The defendants and each of them *alleged* claims are clear on for the record, and supported by defendants own proffered document's, and more fully described in defendants recorded documents in the Maricopa County Recorders' Office. That is defendant "BOFA" claims they were assigned Plaintiff's mortgage only by MERS who lacked standing to issue such assignment for reasons set forth above.

38. The facts are painfully clear and cannot be denied, that defendant "BOFA" claims to be the owner of Plaintiff's mortgage and Note, who authorized defendant "QLS" to execute a "Substitution of Trustee" in favor of "QLS". Defendant "QLS" then executed a series of documents, which consisted of an "unauthorized", Notice of Trustee Sale (*see*, "Exhibit D") recorded in

Plaintiff's property records located in the Maricopa County Recorders' Office.

39. On or about September 28, 2011 due to Plaintiff's obvious concerns in the recorded documents filed in Maricopa County Recorders' Office, Plaintiff's served defendant "BOFA" with the first of two Qualified Written Requests ("QWR"), Notice of Dispute in compliance with 12 USC§2605e, 15 USC§1641g, and 15 USC§1692.

40. On November 4, 2011, Plaintiff's served defendant "BOFA" with a second Qualified Written Request ("QWR") pursuant to 12 USC§2605e, 15 USC§1641g, and 15 USC§1692. A true and correct copy of Plaintiff's "QWR" is attached hereto as *"Exhibit G and H"*.

41. Defendant "BOFA" responded although untimely, to Plaintiff's request, a true and correct copy of that response is attached hereto as *"Exhibit I"*.

42. Plaintiff's served yet another "QWR" on or about January 26, 2012 due to defendants "BOFA" erroneous response to Plaintiff's "QWR", whereby it alleged it was the secured party creditor, subject to payment, and authority to issue such Notices of Default and subsequent foreclosure.

43. Initially Defendant "BOFA" stayed on course in its position that it was Plaintiff's creditor, and principle to which the alleged debt was owed, in its first response dated March 3, 2011. However once again defendant "BOFA" changed capacities without any supporting documents (i.e. in an Assignment) that gives any validity to these now unusual change of capacity.

44. Defendant "BOFA" now claims in its letter as read, "Your **"investor"** is Ginnie M a e their contact information. Plaintiff's in reading this response, was further confused as the term "investor" is absent from any contract in Plaintiff's possession. Upon Plaintiff's belief and information, the term "investor" is synonymous with that of a debt collector, and or debt buyer, and or securitization investor/party. Indeed the term "investor" and owner are not one in the same, and Plaintiff's has no obligation to an *"investor"*, and notwithstanding the Plaintiff's have a right to know who "owns" Plaintiff's loan. Plaintiff's also has a right to know where there payments are going and whether it is going to the proper principle.

45. Plaintiff's must ensure the proper party receiving payment can and will provide clear title upon satisfaction of Plaintiff's mortgage obligation. Plaintiff's can refuse to remit payments to any entity just because of idle demands. In this case substantial conflicting recorded documents, ambiguous notices, material latent and patent defects in notices has caused Plaintiff's confusion and alarm.

46. Plaintiff's alleges the following facts, *abinitio*:

1      1. On or about March 20 2009, the original party in Taylor Bean and Whitaker, sold and otherwise attempted securitization of Plaintiff's Note to TBW 2009-1 Trust.

2      2. On or about April 2009, Taylor Bean and Whitaker, sold defendant "GM" "only servicing rights" of first lien securitized mortgages. Taylor Bean and Whitaker at the time it sold defendant "GM" these servicing rights, was only servicers themselves of REMICS on behalf of the TBW investors.

3      3. Defendant "BOFA" alleged assignment of Plaintiff's Deed of Trust purports to convey Plaintiff's mortgage, and only bare legal title, however Plaintiff's promissory Note remains unaccounted for. Notwithstanding defendant "BOFA" was not assigned Plaintiff's Note, therefore "BOFA" has no legal standing to demand payment from Plaintiff's. Defendant "BOFA" is not Plaintiff's principle or creditor, and never lent Plaintiff's any funds as it relates to Plaintiff's mortgage transaction. Defendant "BOFA" was obligated to send certain notices as required and written in Plaintiff's Deed of Trust, and pursuant to 15 USC§ 1641g, and 15 USC§1692 amongst other laws.

4      4. Defendant "QLS" executed two Maricopa County filed documents, specifically a Substitution of Trustee, and a unauthorized, Notice of Trustee Sale. Defendant "QLS" lacked authority to execute such documents, as defendant "BOFA" lacked standing to substitute "QLS" as Trustee. Further, even if defendants "BOFA" and "QLS" had such authority to execute those notices, they failed to comply with the language and provisions set forth in Plaintiff's Deed of Trust.

5      5. Defendant "GM" is not an original party to Plaintiff's mortgage transaction, and has never lent Plaintiff's any funds associated with Plaintiff's subject property. Defendants "BOFA" and "GM" simultaneously claims to be the owner of Plaintiff's mortgage and promissory Note. Defendant "GM" also claims to be an "investor" although no such term is defined in any of Plaintiff's mortgage documentation. "GM" has no legal documentation that supports either of its allegations that it is Plaintiff's creditor, owner, or even the self - appointed vague term of investor.

6      6. Defendant "GM" sent dunning notices to Plaintiff's demanding payments, and notifying Plaintiff's that they were "owner" of Plaintiff's mortgage and Note. Defendant "GM" further sent conflicting and contradicting notices to Plaintiff's, that were vague, ambiguous, or in the interim, outright false. Defendant "GM" never sent notice to Plaintiff's regarding the fact "GM' became the legal owner of Plaintiff's mortgage and Note. If in fact it is discovered by admissible evidence that defendant "GM" is "creditor" then it was required to serve notice upon the Plaintiff's as written in Plaintiff's Deed of Trust. Defendant "GM"

was also required to send notice to Plaintiff's pursuant to 15 USC 1641g, and 15 USC§1692 amongst other requirements. 7. All defendants are debt collectors as defined by 15 USC§1692a (6), and A.R.S.§44-1521. Even if defendants are found to be secured party creditors, mortgage servicers, principals, or agents for the principal, they are governed and obligated to act in compliance with the TILA, RESPA, Dodd Frank Act and other federal and state laws.

8. Plaintiff's never received notices as required by Plaintiff's Deed of Trust, 15USC§1641g, 15 USC§1692, 12 USC§2605e, A.R.S.§44-1521 *et,* seq.

### IV.          FIRST CAUSE OF ACTION
### QUIET TITLE
(Defendants GM, and BOFA,)

47. Plaintiff's re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48. Plaintiff's is credibly informed and believes that Defendants claim an interest or interests in the Property that are adverse to Plaintiff's fee simple title to the property.

49. Plaintiff's is entitled to equitable relief by a judicial decree and order declaring Plaintiff's to be the title owner of record of the Property and quieting Plaintiff's title therein and thereto subject only to such legitimate liens and encumbrances as the Court may deem valid and avoiding any liens or encumbrances upon the Property created by Defendants or by their putative predecessors, or by any of them.

50. Plaintiff's desires and is entitled to a judicial declaration quieting title in Plaintiff's as of the date on which is loan transaction was consummated.

51. Plaintiff's verifies the truth of the allegations contained herein for the purpose of complying with the requirement set forth in ARS§12-1102 that a Complaint for Quiet Title be given under oath. Plaintiff's Verification Under Oath is attached hereto and by this reference made a part of this Complaint.

52. Plaintiff's moves this court to require the defendant to provide the genuine, original Note and a clear chain of title to the Plaintiff's as proof that is it the true party to which the debt is owed, so that Plaintiff's could satisfy and or tender any alleged payment due, and or satisfy the debt if any.

## V.   SECOND CAUSE OF ACTION
### VIOLATION OF 15 U.S.C.§1641(g) TRUTH IN LENDING ACT
(All Defendants)

53. Plaintiff's re-allege the allegations above as if fully set out herein.

54. With respect to Plaintiff's defendants "GM' and "BOFA" alleges to have received by assignment a beneficial interest in their mortgage and note. Defendants alleges it is a creditor within the meaning of 15 U.S.C.§1641(g).

55. Defendants allege they are "creditors" within the meaning of 15 U.S.C. §1641(g), although no evidence supports these allegations.

56. Said mortgage secures an interest in real estate which is used by Plaintiff's as their principle dwelling, such transfer, within 30 days, and make all the required disclosures set out above.

57. Defendants failed to notify Plaintiff's at all, and therefore failed to make the requisite disclosures.

58. Plaintiff's was harmed by the willful and negligent acts of each of the defendants, whereby defendants' failures caused uncertainty, confusion, emotional stress damages among others. Defendants' acts also caused damages to Plaintiff's in that Plaintiff's refrained from making payments to defendants due to the conflicting notices, and contradicting claims of ownership.

59. Therefore defendants are liable under TILA §131, for its failure to provide such information, including statutory damages in the amount of $4,000.00 for each of the two violations, actual damages if any be proven, reasonable attorney's fees, and costs expended in this proceeding.

## VI.   THIRD CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT CREDIT PRACTICES ACT
(All Defendants)

60. Plaintiff's re-allege the allegations above as if fully set out herein. Plaintiff's sent defendants two QWR's and two Notices of Dispute. (*See* Exhibits H, I)

61. Plaintiff's claims each of the defendants are liable to Plaintiff's for violations of 15 U.S.C.§1692, specifically 15 U.S.C.§1692e. Defendant's use of false, deceptive, and/or misleading representation with the collection of any debt constitutes violation(s) of the act.

62. Plaintiff's' claims each of the defendants are liable to Plaintiff's, for violations of 15 USC§1692e (4) which prohibits debt collectors from

making false representations that nonpayment of any debt will result in the seizure of any property unless such action is lawful.

63. All Defendants engages in the collection of debts from consumers, using the mail and telephone. Defendants regularly attempts to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C.§1692a(6). Defendants violated the FDCPA, and caused damages to Plaintiff's by their failure to comply with the Act. Defendant's violations include, but are not limited to the following;

a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and; b. Defendant violated §1692(d)(5) of the FDCPA by causing a telephone to ring engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number and; c. Defendant violated §1692(j) of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt;

d. Defendant violated 1692(e) using false, deceptive, or misleading misrepresentations or means in connection with the collection of a debt, in violation of 15 U.S.C.§1692e, and;

e. using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692f;

f. Defendant violated the 1692(e)(8) requires debt collectors to communicate the disputed status of a debt if the debt collector 'knows or should know' that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is "acquired."

64. Defendant's acts as described above were willful, intentional, malicious, and with intent confuse, mislead, and distract Plaintiff's by coercing the Plaintiff's to pay defendants on the alleged debt.

65. As a result of the foregoing violations of the FDCPA, Defendants, and each of them are liable to the Plaintiff's pursuant to 15 USC§ 1692k. Plaintiff's is entitled to statutory damages of $1000.00, actual damages, punitive damages, costs and fees, to be determined at trial.

**VII.**     **FOURTH CAUSE OF ACTION**
**VIOLATION OF RESPA 12 USC§2605**
(Defendant MetLife)

66. Plaintiff's re-allege the allegations above as if fully set out herein.

67. Plaintiff's September 28, 2011 and November 9, 2011, Plaintiff's sent a letter to Defendant "BOFA" styled a "qualified written request" as defined in § 6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. § 2605(e)(1)(B)]. Thus Plaintiff's letters had the dual effect of invoking Plaintiff's rights under TILA §131(f), 15 USC§1692 as well Plaintiff's rights under RESPA § 6(e)(1). 12§ USC 2605e (1)(A) as amended effective July 16, 2010 by the Dodd Frank Financial Reform Act and Reg.X Section 3500.21(e) (1).

68. The Defendant did not respond within 20 days to Plaintiff's request for the name of the owner and holder of the Mortgage Note as required by § 6(e)(1) of RESPA [12 U.S.C. § 2605(e)(1), and as recently as January 26, 2012 has never provided Plaintiff's with a complete and or unambiguous response, thus violating both 12 U.S.C.§2605(e)(1) (RESPA) and 15 U.S.C.§1641(f) (TILA) with respect to the Taylor Bean and Whitaker.

69. Defendants failure to respond to Plaintiff's requests constitutes violations of Title 12 USC§2605, and are therefore liable to Plaintiff's in the amount of $2000.00 per violation (2). Plaintiff's sent defendant 'BOFA" two such notices.

**VIII.**     **FIFTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
(All Defendants)

70. Plaintiff's re-allege the allegations above as if fully set out herein.

71. Defendants and each of them allege they are party to Plaintiff's Deed of Trust and promissory Note. Defendants' willful acts as alleged in Plaintiff's Complaint constitute a Breach of Contract pursuant to Plaintiff's Deed of Trust.

72. Specifically defendants documents filed in the Maricopa County Recorders' Office, (*see*, Exhibits B, C, D, E) were not in compliance with the express terms and language contained in Plaintiff's Deed of Trust.

73. Defendant "BOFA" sent notices styled "Mortgage in Default",  and "Delinquent Notice", these notices were not in compliance with the Deed of Trust. Defendant "GM" sent notice to Plaintiff's, demanding payment. Defendant "GM"s notices does not comply with the notice provisions as written in Plaintiff's Deed of Trust.

74.  As a result of the allegations herein the Defendants has failed to comply with the terms of a Plaintiff's Deed of Trust. Defendants are therefore liable for Breach of Contract; Plaintiff's are entitled to the recovery of actual damages, punitive damages, cost and fees.

IX.                    **SIXTH CAUSE OF ACTION**
           **VIOLATION OF ARIZONA CONSUMER FRAUD ACT**
                       **ARS 44-1521 *et*, seq.**
                       (All Defendants)

75.  Plaintiff's restates, re-alleges, and incorporates by reference the allegations contained in each of the preceding paragraphs as though fully set forth herein. Defendants and each of them, through their agents, employees and others acting on their behalf or at their direction, have employed deception, deceptive acts or practices, fraud, false pretenses, false promises, misrepresentations or concealment, suppression or omission of material fact with the intent that others rely on such concealment and/or suppression or omission in violation of A.R.S. § 44-1522(A).

76.  In particular Defendants have, *inter alia*, engaged in deceptive acts by and through the notices, letters, responses, correspondences as clearly evidenced in ***Exhibits B-H.*** Defendants' acts have caused damages to the Plaintiff's; therefore Plaintiff's is entitled to statutory, actual, punitive damages, cost and fees consistent with said statute.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff's requests the following relief to be awarded for each Cause of Action:

1. That this Court establish estate in fee simple in the Property and that Defendants Bank of America and Ginnie Mae be barred and forever estopped from having or claiming any right or title to the Property adverse to Plaintiff's;

2. For Declaratory Relief, including the following Decrees of this Court that:

a. Plaintiff's is the prevailing party;

b. The Mortgage Originator, and any subsequent assignees have no enforceable secured or unsecured claim against the Property; and for an Order Quieting Title;

c. For judgment for statutory damages, costs and fees pursuant to 15§U.S.C.§1641(a);

d. For Declaratory judgment that Defendant's conduct violated the 15 USC§1641g, and A.R.S.§44-1521;

e. Actual, and consequential damages in an amount determined at trial;

f. Punitive damages in an amount determined at trial;

g. statutory damages of $1000.00 per violation, plus actual and punitive damages of law pursuant to 15 U.S.C.§1692k.

h. costs and fees pursuant to 15 U.S.C. §1692k.

i. Awarding Plaintiff's any pre-judgment and post-judgment interest as may be allowed under the law.

h. statutory damages of $4000.00 for violations of 12 USC§2605(f)(g) ,TILA 131(f)(g) actual and punitive damages, and any other such damages deemed appropriate by the court.

Dated; January 2̲3̲ , 2013

_____
JOHN HORSEFIELD, Plaintiff

_____
MARILYN S. BYRNE, Plaintiff
11628 N. 32nd PLACE
PHOENIX, ARIZONA 85028

# EXHIBIT A

**EMPIRE WEST TITLE AGENCY**
RECORDING REQUESTED BY

OFFICIAL RECORDS OF

**Unofficial Document**

Name: **Taylor, Bean & Whitaker Mortgage Corp.**

RETURN TO

Name: **Taylor, Bean & Whitaker Mortgage Corp.**
Address: **1417 North Magnolia Ave.**
**Ocala, FL 34475**

*2,7337-050*
*(1-1)*

[Space Above This Line For Recording Data] –

## DEED OF TRUST

| FHA CASE NO. |
| --- |
| 023-3189629-703 |

MIN: 100029500032402251

THIS DEED OF TRUST ("Security Instrument") is made on **March 20, 2009**                  . The trustor is
**Marilyn S. Byrne and John Horsefield, Wife and Husband, As Joint Tenants**

                                                                                                            ("Borrower"), whose mailing address is

**11628 N. 32nd Place, Phoenix, AZ  85028**

                                                                                                            . The trustee is
                                                                                                                                          ,
**EMPIRE TITLE AGENCY**
                                                                                                            ("Trustee"), whose mailing address is

**2400 E. AZ BILTMORE CIRCLE #1150, PHOENIX, ARIZONA  85016**

                                                                                                            . **The beneficiary is**
**Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS is a separate corporation that is acting solely as nominee
for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. Taylor, Bean & Whitaker
Mortgage Corp.**

                                                                                                            ("Lender") is organized and existing
under the laws of **FL**                                                                                    , and
has a mailing address of **1417 North Magnolia Ave, Ocala, FL  34475**

Borrower owes Lender the principal sum of **Two Hundred Fifty Seven Thousand Nine Hundred Eleven and no/100**
                                                                          Dollars (U.S. **$257,911.00**       ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly
payments, with the full debt, if not paid earlier, due and payable on       **April 01, 2039**      . The beneficiary of this Security
Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of
MERS. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all
renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7
to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this
Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of
sale, the following described property located in **Maricopa**                                       County, Arizona:

**ARIZONA FHA DEED OF TRUST**                                                                              6/96

**ARIZONA-MERS**
ITEM T9658L1 (070808)   *0242063240225*

T9658_20090220.100003
GreatDocs®
*(Page 1 of 8)*

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 Case |
| TAYLOR, BEAN & WHITAKER | |
| MORTGAGE CORP., | Case No. 3:09-bk-07047-JAF |
| REO SPECIALISTS, LLC, and | Case No. 3:09-bk-10022-JAF |
| HOME AMERICA MORTGAGE, INC., | Case No. 3:09-bk-10023-JAF |
| | |
| Debtors. | Jointly Administered Under |
| | Case No. 3:09-bk-07047-JAF |

_____/

| | |
|---|---|
| TAYLOR, BEAN & WHITAKER | |
| MORTGAGE CORPORATION, et al. | Case No. 5:12-cv-00288-TJC-PRL |
| | |
| Plaintiff, | |
| | |
| vs. | |
| | |
| JOHN HORSEFIELD and | |
| MARILYN S. BYRNE, | |
| | |
| Defendants. | |

_____/

**STIPULATED JUDGMENT AS TO QUIET TITLE ACTION**

**BROUGHT BY JOHN HORSEFIELD AND MARILYN S. BYRNE**

**AGAINST TAYLOR, BEAN & WHITAKER MORTGAGE CORP.**

**THIS CASE** is before the Court for consideration on the *Joint Motion for Entry of Stipulated Judgment as to Quiet Title Action Brought by John Horsefield and Marilyn S. Byrne against Taylor, Bean & Whitaker Mortgage Corp.* (the "Joint Motion") [D.E. ___] filed by Plaintiff Neil F. Luria, Plan Trustee for the Taylor, Bean & Whitaker Plan Trust, on behalf of the Debtor, Taylor, Bean & Whitaker ("TBW"), and *pro se* Defendants John Horsefield and Marilyn S. Byrne (collectively, the "Parties"). The Court, having reviewed the Joint Motion, being advised by the Parties that they have resolved the issues as to TBW's interest in or claim to the Defendants' mortgage loan originated by TBW and/or real property raised in the *Special Action Complaint for:*

*Quiet Title; Declaratory Relief* (the "Complaint")[1] filed by the Defendants against TBW, which commenced Case No. 5:12-cv-00288-TJC-PRL in U.S. District Court for the Middle District of Florida, Ocala Division, and having agreed to the entry of this Agreed Judgment, good cause appearing, and being otherwise duly advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    TBW has no ownership of, interest in, or claim to either the Defendants' mortgage loan, which was originated by TBW in 2009 (TBW Loan #3240225) (the "Loan"), or the Defendants' real property[2] underlying the Defendants' mortgage loan, as a result of the transfer of the Loan to Ginnie Mae on April 20, 2009 and the release of TBW's servicing rights to Ginnie Mae on August 18, 2009.

2.    TBW has not authorized any assignments on their behalf after the release of servicing rights to Ginnie Mae on August 18, 2009.

3.    The transfer of the Loan and the release of TBW's servicing rights to Ginnie Mae in 2009 was a valid and enforceable transfer of all of TBW's interests in the Loan and/or Real Property.

4.    This Stipulated Judgment shall operate to adjudicate the validity, extent or priority of any other person or entity's interest in the Defendants' Loan or Real Property.

---

1 A copy of the Complaint was included as Exhibit B to the Plan Trustee's Notice of Removal [D.E. 1]. The Plan Trustee's filing of his Notice of Removal thereby commenced Adversary Proceeding No. 3:12-ap-00509-JAF.
2 The address of the real property at issue is 11628 N. 32nd Place, Phoenix, Arizona, 85028 (the "Real Property").

Unofficial
20 Document

EXHIBIT C

13:
Pa

Recording Requested By:
**Bank of America**
**Prepared By: Cecilia Rodriguez**
**888-603-9011**
When recorded mail to:
**CoreLogic**
**450 E. Boundary St.**
**Attn: Release Dept.**
**Chapin, SC 29036**

DocID#   6302267114319906
Property Address:
**11628 N 32nd Pl**
**Phoenix, AZ 85028-2001**
AZ0-ADT 16046673        10/24/2011

*This space for Recorder's use*

MIN #:  100029500032402251        MERS Phone #:    888-679-6377

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 3300 S.W. 34th Avenue, Suite 101 Ocala, FL 34474 does hereby grant, sell, assign, transfer and convey unto **BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP** whose address is **451 7TH ST.SW #B-133, WASHINGTON DC 20410** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Original Lender:      **TAYLOR, BEAN & WHITAKER MORTGAGE CORP.**
Borrower(s):          **MARILYN S. BYRNE AND JOHN HORSEFIELD, WIFE AND HUSBAND, AS JOINT TENANTS**
Original Trustee:     **EMPIRE TITLE AGENCY**
Date of Deed of Trust: 3/20/2009        Original Loan Amount: **$257,911.00**

Recorded in **Maricopa County, AZ** on: 3/31/2009, book N/A, page N/A and instrument number 20090283651

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
10/25/11

                                    **MORTGAGE ELECTRONIC REGISTRATION**
                                    **SYSTEMS, INC.**

                                    By: _Yolanda Rodriguez_
                                        Yolanda Rodriguez
                                        Assistant Secretary

State of **California**
County of **Ventura**

On 10-25-11 before me, _James Nejcek_, Notary Public, personally appeared _Yolanda Rodriguez_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing**
paragraph is true and correct

EXHIBIT D

1

2

3

SECURITY TITLE AGENCY

**Unofficial**
20 **Document**

14
Ga

Recording requested by:

When recorded mail to:

Quality Loan Service Corporation
2141 5th Avenue
San Diego, CA 92101
619-645-7711

TS No.: AZ-12-527599-VF
Order No.: **14-109919**
MERS Telephone No. 1-888-679-6377       MERS MIN No.: 100029500032402251

Space above this line for recorders use

### Notice of Substitution of Trustee

The undersigned present beneficiary hereby appoints **QUALITY LOAN SERVICE CORPORATION** , a California Corporation as successor trustee under the trust deed executed by **MARILYN S. BYRNE AND JOHN HORSEFIELD, WIFE AND HUSBAND, AS JOINT TENANTS** as trustor, in which **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP.** is named beneficiary and **EMPIRE TITLE AGENCY** as trustee, and recorded 3/31/2009, in **MARICOPA** County as instrument number **2009-0283651**     and legally describing the trust property as:

LOT 64, CACTUS PARK UNIT THREE, ACCORDING TO THE PLAT RECORDED IN BOOK 149 OF MAPS, PAGE 26, RECORDS OF MARICOPA COUNTY, ARIZONA.

The successor trustee appointed herein qualifies as a trustee of the trust deed in the trustee's capacity as a licensed Arizona escrow agent as required by Arizona Revised Statutes section 33-803, subsection A.

T.S. No.: AZ-12-527599-VF
Page 2

Dated this _19th_ day of _September_, _2012_.

BANK OF AMERICA, N.A. , by Quality Loan Service
Corporation as its attorney in fact

By: **Tim Bargenquast, Assistant Vice President**

State of: **California**        )
                                 ) ss.
County of: **San Diego**        )

On ___9/19/2012___ before me, _____Rachel C. Hamburg_____ a notary public, personally appeared
**Tim Bargenquast**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument.

I certify under _PENALTY OF PERJURY_ under the laws of the State of **California** that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.        Unofficial Document
                                          (Seal)

RACHEL C. HAMBURG
Commission No. 1901796
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
My Comm. Expires August 28, 2014

1

EXHIBIT E

**Unofficial**
20 **Document**

SECURITY TITLE AGENCY

Recording requested by:

14
sa

When recorded mail to:

Quality Loan Service Corporation
2141 5th Avenue
San Diego, CA 92101

---

TS No.: AZ-12-527599-VF
Order No.: 14-109919

Space above this line for recorders use

## Notice of Trustee's Sale

The following legally described trust property will be sold, pursuant to the power of Sale under that certain Deed of Trust dated 3/20/2009 and recorded 3/31/2009 as Instrument 2009-0283651,     in the office of the County Recorder of MARICOPA County, Arizona at public auction to the highest bidder:

Sale Date and Time:     1/7/2013 at 10:00 AM

Sale Location:     IN THE COURTYARD BY THE MAIN ENTRANCE OF SUPERIOR COURT BUILDING, 201 WEST JEFFERSON, PHOENIX, ARIZONA 85003

Legal Description:     LOT 64, CACTUS PARK UNIT THREE, ACCORDING TO THE PLAT RECORDED IN BOOK 149 OF MAPS, PAGE 26, RECORDS OF MARICOPA COUNTY, ARIZONA.

Purported Street Address:     11628 N. 32ND PLACE, PHOENIX, AZ 85028

Tax Parcel Number:     166-33-352

Original Principal Balance:     $257,911.00

Name and Address of Current Beneficiary:     BANK OF AMERICA, N.A.
C/O Bank of America, N.A.
475 Crosspoint Parkway
Getzville, NY 14068

Name(s) and Address(s) of Original Trustor(s):     MARILYN S. BYRNE AND JOHN HORSEFIELD, WIFE AND HUSBAND, AS JOINT TENANTS
11628 N 32ND PLACE, PHOENIX, AZ 85028

Name and Address of Trustee/Agent:     Quality Loan Service Corporation
2141 5th Avenue, San Diego, CA 92101
Phone: (866)-645-7711
Sales Line: 714-730-2727

C3_378 CSSTFI 13025/14524 03/10/2011

# EXHIBIT F

The investor, or owner of your loan, is the person or entity that is entitled to repayment of the loan. We've provided your investor information below for your reference.  Please note that you should not send payments to your investor and that most inquiries and requests should be handled through your loan servicer as indicated above.

Investor's Name:              Government National Mortgage Association
Investor's Mailing Address:   451 Seventh St., S.W.
                              WASHINGTON, DC 20410
Investor's Telephone Number:  202-708-2284

THANK YOU

If you need further assistance, please contact one of our Customer Service Representatives directly at 1-800-669-6607, Monday-Friday 7a.m. - 7p.m. Local Time.

We appreciate the opportunity to serve your home loan needs.

This communication is from Bank of America, N.A., the servicer of your home loan.

Please write your account number on all correspondence.

## EXHBIT G

September 28, 2011

**VIA MAIL**

BANK OF AMERICA HOME LOANS
400 NATIONAL WAY
SIMI VALLEY, CA 93065-6285

OCC CUSTOMER ASSISTANCE GROUP
1301 MCKINNEY STREET
HOUSTON, TEXAS 77010

ARIZONA ATTORNEY GENERAL OFFICE
1275 W WASHINGTON STREET
PHOENIX, AZ 85007
ATTN: KEN BENNETT

RE:     Notice of Default and Acceleration

Property Address: 11628 N. 32ND Place

Account No: 22671143

Case No: 0233189629703

Dear Bank of America

I am in receipt of your letter dated 09/06/2011. In that letter you state
"Should you have any questions concerning this notice please contact us immediately.

Consider this letter my notice of dispute over the validity of this alleged
debt.  In addition, I have a few questions that I'd like you to answer in order that

I might ascertain whether the alleged debt is indeed binding upon me, thus you are in receipt of notice under the authority of The Fair Debt Collections Act regarding the above listed action.

It is not now nor has it ever been my intention to avoid paying any obligation that I lawfully owe. In order that I can make arrangements to pay an obligation which I may owe, please document and verify the "debt" by complying in good faith with this request for validation and notice that I dispute part of, or all of the alleged debt:

1. Please furnish a copy of the original promissory notes redacting the assigned social security number to prevent identity theft and state under penalty of perjury that your client, the "Original Creditor" is the holder in due course of the promissory note and will produce the original for my own and a judge's inspection should there be a trial to contest these matters.

2. Please produce the accounting and general ledger statements showing the full accounting of the alleged obligations that you are now attempting to collect. Also, I request the CUSIP number for both the application and note.

3. Please identify by name and address all persons, corporations, associations, or any other party having an interest in legal proceedings regarding the alleged debt.

4. Please verify under penalty of perjury, that as a debt collector, you have not purchased evidence of the debt and are proceeding with collection activity in the name of the original maker of the note.

5. Please verify under penalty of perjury that you know and understand that certain clauses in a contract of adhesion, such as so-called forum selection clauses, are unenforceable unless the party to whom the contract is extended could have rejected the clause without impunity.

6. Please provide verification from the stated creditor that you are authorized to act for them.

7. Please verify that you know and understand that contacting me again after receipt of this notice without providing procedurally proper validation of a debt constitutes the use of interstate communications in a scheme of fraud by advancing a writing which you know is false with the intention that others rely on the written communication to their detriment.

8. Please limit your communication with me to writing only.  If I receive any phone calls from your company, I will consider them to constitute harassment. Please be advised that unwanted telephone calls are a class 1 misdemeanor in this state and I will file a complaint against the caller with the attorney general's office.  I maintain a telephone log of each phone call and in some cases, make an audio recording when necessary. Be advised that you have the right to remain silent. If you ignore this notice and contact me by telephone,

you and your employees agree to allow me to make an audio recording of our conversation and you and your employees agree to allow the recording and any other information to be used against you and your employees in a court of law. I will accept only your written communication.

9. Be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation;" that is, competent evidence that I have some contractual obligation to pay you.

10. You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.  You may wish to consult with a competent legal advisor before your next communication with me.

11. Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorney fees.

Very Truly Yours

Marilyn Byrne & John Horsefield

EXHIBIT H

November 04, 2011

**VIA MAIL**

BANK OF AMERICA HOME LOANS
400 NATIONAL WAY
SIMI VALLEY, CA 93065-6285

OCC CUSTOMER ASSISTANCE GROUP
1301 MCKINNEY STREET
HOUSTON, TEXAS 77010

ARIZONA ATTORNEY GENERAL OFFICE
1275 W WASHINGTON STREET
PHOENIX, AZ 85007
ATTN: TOM HORNE

FEDERAL TRADE COMMISION FTC
600 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20580

# SECOND NOTICE

        RE:     Notice of Default and Acceleration

                Property Address: 11628 N. 32ND Place

                        Account No: 022671143

                        Case No: 0233189629703

Dear Bank of America


    I am in receipt of your letter dated 09/06/2011. In that letter you state
"Should you have any questions concerning this notice please contact us immediately.

Consider this letter my notice of dispute over the validity of this alleged debt.  In addition, I have a few questions that I'd like you to answer in order that I might ascertain whether the alleged debt is indeed binding upon me, thus you are in receipt of notice under the authority of The Fair Debt Collections Act regarding the above listed action.

It is not now nor has it ever been my intention to avoid paying any obligation that I lawfully owe. In order that I can make arrangements to pay an obligation which I may owe, please document and verify the "debt" by complying in good faith with this request for validation and notice that I dispute part of, or all of the alleged debt:

12. Please furnish a copy of the original promissory notes redacting the assigned social security number to prevent identity theft and state under penalty of perjury that your client, the "Original Creditor" is the holder in due course of the promissory note and will produce the original for my own and a judge's inspection should there be a trial to contest these matters.

13. Please produce the accounting and general ledger statements showing the full accounting of the alleged obligations that you are now attempting to collect. Also, I request the CUSIP number for both the application and note.

14. Please identify by name and address all persons, corporations, associations, or any other party having an interest in legal proceedings regarding the alleged debt.

15. Please verify under penalty of perjury, that as a debt collector, you have not purchased evidence of the debt and are proceeding with collection activity in the name of the original maker of the note.

16. Please verify under penalty of perjury that you know and understand that certain clauses in a contract of adhesion, such as so-called forum selection clauses, are unenforceable unless the party to whom the contract is extended could have rejected the clause without impunity.

17. Please provide verification from the stated creditor that you are authorized to act for them.

18. Please verify that you know and understand that contacting me again after receipt of this notice without providing procedurally proper validation of a debt constitutes the use of interstate communications.in a scheme of fraud by advancing a writing which you know is false with the intention that others rely on the written communication to their detriment.

19. Please limit your communication with me to writing only.  If I receive any phone calls from your company, I will consider them to constitute harassment. Please be advised that unwanted telephone calls are a class 1 misdemeanor in this state and I will file a complaint against the caller with the attorney general's office.  I maintain a telephone log of each phone call and in some cases, make an audio recording when necessary. Be advised that you have the right to remain silent. If you ignore this notice and contact me by telephone, you and your employees agree to allow me to make an audio recording of our conversation and you and your employees agree to allow the recording and any other information to be used against you and your employees in a court of law. I will accept only your written communication.

20. Be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation;" that is, competent evidence that I have some contractual obligation to pay you.

21. You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.  You may wish to consult with a competent legal advisor before your next communication with me.

22. Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorney fees.

Very Truly Yours

Marilyn Byrne & John Horsefield

EXHIBIT I

**BankofAmerica ...**
Home Loans
*Customer Service Department, CA6-919-01-41*
*450 American Street*
*Simi Valley, CA 93065-6298*
Marilyn Byrne
John Horsefield
11628 N. 32"ct Pl
Phoenix, AZ 85028
Re: Bank of America Home Loan account ending: 1143
-p roperty Address: J 1628N. 32"r)d Place:-phoenix, AZ  85D-28
Dear Marilyn Byrne and John Horsefield:
December 6, 20 I I
Thank you for contacting our office with your letter dated November 7, 20 II, addressed to Bank of America, N.A.
Bank of America, N.A. has carefully reviewed the information you provided and has determined that your inquiry does not appear to be specifically related to a servicing concern related to your loan.
Your loan remains in full force and effect, and we will continue to service your loan in accordance with the valid, binding loan documents that you signed. Signed copies of the available documents pertaining to the origination of the subject loan were mailed to you on October 24, 2011 under separate cover for your review and confirmation.
Please be advised that, in providing the above response, Bank of America, N.A. is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under your loan documents, at law or in equity, all of which rights and remedies are expressly reserved.
Thank you for this opportunity to be of service.
Sincerely,
Customer Service
                    Bank of America is required by law to inform you that this communication is from a debt collector.

**VERIFICATION OF PLAINTIFF UNDER OATH**

STATE OF ARIZONA

COUNTY OF MARICOPA

PERSONALLY APPEARED before me, an officer duly authorized by law to administer oaths, John Horsefield and Marilyn S. Byrne, who after first being duly sworn, states under oath that he has read the foregoing **COMPLAINT** and that the information contained therein is true and correct.

JOHN HORSEFIELD

MARILYN S. BYRNE

Sworn to and subscribed before me this

23 day of January, 2013,

Notary Public

My commission expires: Dec 19 2014



NOTARY PUBLIC
STATE OF ARIZONA
Maricopa County
PEGGY L. DEIN
My Commission Expires 12/19/14

# CERTIFICATION OF SERVICE

<u>Delivery by U.S. Mail:</u>

I, _ERDHN HORSEFIELD_ declare that I am over the age of eighteen years and not a party to the action. On January _23 RD_, 2013, I served the Complaint by placing a true copy in the United States Postal Office by certified mail, return receipt.

BANK OF AMERICA N.A.
100 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202

MORTGAGE ELECTRONIC REGISTRATION SERVICES
1818 LIBRARY STREET STE 300
RESTON, VA 20190

GINNIE MAE
451 SEVENTH STREET RM B-133
WASHINGTON, DC 20140

QUALITY LOAN SERVICE CORPORATION
2141 5TH AVENUE
SAN DIEGO, CA 92102